S97Y1634. IN THE MATTER OF NANCY JEAN MARTIN-VEATOR.
(489 SE2d 829)

PER CURIAM.

After conducting an investigation into a grievance filed by Addo B. Mensah against Nancy Jean Martin-Veator, the State Bar filed a Formal Complaint asserting violations of Standards 22 (b) (withdrawal from representation), 44 (abandonment) and 68 (failure to respond to the disciplinary authorities) of State Bar Rule 4-102. Martin-Veator failed to respond after acknowledging service of the Formal Complaint. However, at the default hearing before the special master, Martin-Veator, through her attorney, proffered unrebutted evidence of Mr. Mensah's written recantation of the allegations (which recantation Mr. Mensah had sent to the State Bar) and unrebutted evidence that a closed head injury had impaired her mental capacity as an attorney. Martin-Veator subsequently filed a Petition for Voluntary Suspension of License. The State Bar had no objection to the petition and the special master and review panel recommended that this Court accept her petition.

Upon consideration of the record, this Court accepts Nancy Jean Martin-Veator's petition for voluntary suspension of her license to practice law, as set forth in Bar Rule 4-102 (b) (2). Martin-Veator shall comply with the following conditions for reinstatement to the practice of law: (1) Upon presentation of a medical release from a qualified treating physician, Martin-Veator shall obtain certification from the Lawyer Assistance Program that she does not manifest symptoms that would mentally or physically impair her competency as an attorney or pose a substantial threat to herself or others; (2) Martin-Veator shall obtain certification from the Office of General Counsel of the State Bar that it has reviewed its disciplinary records since the date of this Court's order and Martin-Veator has not demonstrated any conduct or manifested any symptom that would indicate she would pose a danger to her clients and the public by returning to the practice of law; and (3) after obtaining the certifications from both the Lawyer Assistance Program and the Office of General Counsel, Martin-Veator shall petition the review panel of

the State Disciplinary Board to review the record of this proceeding and the certifications and submit its recommendation on the matter of Martin-Veator's reinstatement to the practice of law to this Court.

Martin-Veator is reminded of her duties under Bar Rule 4-219 (c) (1) and (2).

*Voluntary suspension of license accepted. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*George Handelsman,* for Martin-Veator.